# EXHIBIT 4

## PROPOSED ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT



EXHIBIT 4 of A

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINE LAND, ALFY STIGLER and CHARLES JOHNSON, Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SHORELINE MANAGEMENT & DEVELOPMENT, CORP., SAUNDRA HANSBROUGH, COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC <br><br> Defendants. | Case No. 1:11-CV-00072 |

### [PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On April 25, 2012, the Court heard a motion for preliminary approval of a settlement of a class action by plaintiffs Antoine Land, Alfy Stigler and Charles Johnson (collectively, "Named Plaintiffs" or "Class Representatives"), on behalf of themselves and all others similarly situated, and Comcast Corporation and Comcast Cable Communications Management LLC ("Comcast"). The Court has considered the Settlement Agreement and its exhibits, including the Motion to Certify A Class for Settlement Purposes Only; the Notice Regarding Proposed Settlement of Class Action; the Claim and Consent to Join Settlement Form; the Election to Opt Out of Settlement and Class Action Form; and the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. This Court grants preliminary approval of the parties' Settlement Agreement.

4. The Court finds, for purposes of settlement only, that the class certification requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied with respect to the Settlement Class, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes of settlement. The Court therefore certifies the Settlement Class for settlement purposes only.

5. The Court appoints, for settlement purposes only, Antoine Land, Alfy Stigler and Charles Johnson as Class Representatives of the Class.

6. The Court appoints, for settlement purposes only, Stephan Zouras, LLP as Class Counsel for the purposes of Settlement and the releases and other obligations therein.

7. This Court approves Gilardi & Co. LLC as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

8. The Notices to be provided as set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the State of Illinois, and all other applicable laws. The Notices are accurate, objective, and informative and provide members of the Settlement

Class with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

9. The Notice Regarding Proposed Settlement of Class Action, attached to the Settlement Agreement as Exhibit 1, including the Claim and Consent to Joint Settlement Form (Form A), the Election to Opt Out of Settlement and Class Action Form (Form B), and the Change of Name or Address Information Form (Form C), are approved. The Settlement Administrator is authorized to mail those documents to the Class Members as provided in the Settlement Agreement.

10. Any written objection to the settlement must be submitted to the Court no later than sixty (60) days after the Class Notices are mailed to the Class Members.

11. Pending the Court's decision on final approval of the settlement and entry of the Court's Final Approval Order, the Litigation and any other action or proceeding brought by or on behalf of any Named Plaintiff or Class Member that asserts any claim released under the settlement shall be stayed in each such action or proceeding.

12. In the event that the Effective Date does not occur, the settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Settlement Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class action certification is or may be appropriate in this action or any other matter.

13. The Class Representatives and Comcast are ordered to carry out the settlement according to the terms of the Settlement Agreement.

14. The Court will conduct a Final Approval Hearing on _____, 2012, at _____ a.m./p.m. to determine the overall fairness of the settlement and to approve the amount of

attorneys' fees and costs to Class Counsel and Service Payments to the Class Representative. The Final Approval Hearing may be continued without further notice to Class Members. The Class Representatives and Comcast shall file their motion for approval of the settlement, and Class Counsel shall file their unopposed motion for attorneys' fees, costs and expenses, and the Class Representative Service Payments on or before _____, 2012.

IT IS SO ORDERED.

Dated: _____, 2012

_____
The Honorable United States District Court Judge
Nordberg