THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINE LAND, ALFY STIGLER and CHARLES JOHNSON, Individually, and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiffs, ) | Case No. 1:11-CV-00072 |
| ) | |
| v. ) ) | |
| SHORELINE MANAGEMENT & DEVELOPMENT, CORP., SAUNDRA HANSBROUGH, COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

Ryan F. Stephan hereby declares:

1. I am a founder and principal of the law firm of Stephan Zouras, LLP. I have personal knowledge of the matters set forth herein. If called upon as a witness, I could and would testify competently thereto.

2. I submit this affidavit in support of the Joint Motion for Preliminary Approval of Settlement. I have personal knowledge of the factual matters set forth in this affidavit and, if called to testify, could and would competently and truthfully testify thereto.

3. The terms of the settlement are contained in the Settlement Agreement. There are no undisclosed side agreements between Plaintiffs and Defendants.

4. As Class Counsel, my law firm and I have substantial experience in litigating class actions, employment class actions, and countless other kinds of complex cases. The time and effort we devoted to this case would have been spent on other cases but for



1

our commitments to Plaintiffs and their claims. Stephan Zouras, LLP are highly experienced and recognized advocates in wage and hour litigation nationwide, and our principal attorneys have been designated as class counsel in numerous significant wage and hour class actions in federal and state courts throughout the United States. *See e.g., Kernats et al v. Comcast,* 09 CV 03368 (N.D. Ill.); *Ellenbacher v. North Star Cable Construction, Inc.,* 09 CV 07293 (N.D.Ill.); *Perkins, et al v. Specialty Construction Brands, Inc.,* No. 09 CV 1678 (N.D. Ill); *Thompson v. World Alliance Financial Corp.,* 08 CV 4951 (E.D.N.Y); *Franco v. Ideal Mortgage Bankers, Ltd, d/b/a Lend America, Inc.,* 07 CV 3956 (E.D.N.Y.); *Cedeno v. Home Mortgage Desk Corp., d/b/a Home Desk, et al,* 08 CV 1168 (E.D.N.Y.); *Farmer et al v. Direct Sat USA,* 08 CV 3962 (N.D.Ill.); *Jones, et al v. Casey's General Stores, Inc.,* 07 CV 400 (S.D.Iowa); *Wineland, et al v. Casey's General Stores, Inc.,* 08 CV 00020 (S.D. Iowa); *Perez et al v. RadioShack Corporation,* 02 CV 7884 (N.D.Ill.); *Huebner v. Graham C-Stores,* No. 06 CH 09695 (Cook County, IL); and, *Casale et al v. Provident Bank,* Case No. 04 CV 2009 (D.N.J.).

5. The Named Plaintiffs Antoine Land, Alfy Stigler and Charles Johnson have interests in this litigation that are similar and not antagonistic to those of the absent Class Members they represent. The Named Plaintiffs exhibited dedication and willingness to sacrifice time and energy to the lawsuit and his fellow Class Members throughout the litigation. They reviewed and approved the Complaint; met and corresponded with Plaintiffs' counsel on a regular basis; answered interrogatories; responded to document requests; attended an all day mediation with Judge Anderson; and, contributed greatly to Plaintiffs' counsel's investigation of the claims and defenses in this action. They assisted Class Counsel with strategy, and educated Class Counsel about Defendants'

2

policies, practices and procedures.

6. During this litigation, Class Counsel thoroughly familiarized themselves with Defendants' wage and hour policies, including timekeeping policies, the duties of technicians, the work actually performed by these employees, compensation paid and deductions made from technicians' pay. Counsel also familiarized themselves with the applicable provisions of the *Illinois Minimum Wage Act*, and the case law interpreting these provisions. Moreover, class counsel has conducted written discovery and taken depositions. Finally, class counsel has analyzed extensive electronic data produced by the Defendants including dates of employment, pay rates, hours recorded and actual pay earned by each member of the putative class for each pay period during the class period. Class counsel created computer formulas and prepared Excel spreadsheets to calculate damages for each putative class member based upon several different assumptions and scenarios.

7. Beginning in mid-June 2011, the parties attended mediation with Judge Anderson. While the mediation did not result in settlement, the Plaintiffs and Comcast continued settlement negotiations. Thereafter, the Parties reached a settlement. The settlement of this action was the product of well-informed judgments about the adequacy of the resolution. The settlement was also the product of arm's-length, non-collusive negotiations. Class counsel is sufficiently familiar with the factual and legal issues of this case to make an informed recommendation about the fairness of the Settlement. In my professional opinion as Class Counsel, the Settlement is fair and reasonable in light of the risk, costs and delay of further litigation.

3

8. Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

FURTHER DECLARANT SAYETH NOT

_____
Ryan F. Stephan