UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| ANTOINE LAND, ALFY STIGLER and CHARLES JOHNSON, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHORELINE MANAGEMENT & DEVELOPMENT CORP., SAUNDRA HANSBROUGH, COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC.<br><br>Defendants. | CASE NO. 1:11-CV-00072<br><br>**DECLARATION OF BERNELLA OSTERLUND** |

I, Bernella Osterlund, declare as follows:

1. I am employed by Gilardi & Co., LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Gilardi was appointed as the Settlement Administrator in this matter. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. On April 18, 2012 Gilardi received from Class Counsel a list which included the names, addresses, and weeks worked during the class period of possible class members in this matter. Gilardi formatted the list for mailing purposes, removed duplicate records, and processed

-1-

DECLARATION OF BERNELLA OSTERLUND

EXHIBIT A

1  the names and addresses through the National Change of Address Database to update any
2  addresses on file with the United States Postal Service ("USPS").

3      3.    On June 7, 2012, Gilardi caused the (a) Notice Regarding Proposed Settlement of
4  Class Action for Members of the Settlement Class, (b) Claim and Consent to Join Settlement
5  Form, (c) Election to Opt Out of Settlement and Class Action, and (d) Change of Name and/or
6  Address Information Form (collectively "Notice Packet") to be printed and mailed to the 76
7  names on the class list. Gilardi delivered the Notice Packets to the United States Post Office
8  located in San Rafael, California. A true and correct copy of the Notice Packet is attached hereto
9  as Exhibit A.

10      4.    Since mailing the Notice Packets to the class members, Gilardi has received 17
11  Notice Packets returned by the USPS with undeliverable addresses. Gilardi, through a third party
12  locator service, performed address searches for these Notice Packets and was able to find updated
13  addresses for nine of these and remailed the Notice Packets to those updated addresses.

14      5.    On or before June 7, 2012, Gilardi established a toll free telephone number that
15  class members could call to speak to a live operator. English and Spanish speaking live operators
16  are available Monday through Friday between the hours of 7:00 a.m. and 5:00 p.m. Pacific Time.

17      6.    The claims filing postmark deadline was on July 13, 2012. To date, Gilardi has
18  received 26 timely claim forms and no late claim forms. There are three disputes currently under
19  review.

20      7    Gilardi calculated each class member's settlement share by deducting the
21  following from the gross settlement amount of $120,000: (1) $39,600 in attorney fees, (2)
22  $809.72 in attorney costs, (3) $7,500 in named plaintiff awards, and (4) $10,000 in administration
23  costs. The resulting net settlement amount is $62,090.28. After factoring in the 1.25 adjustment
24  for class members who worked prior to 4/1/2009, the value per week is $26.19. Should the Court
25  change any of the above costs, or if the disputes under review are approved, the above figures will
26  change accordingly.

27      8.    The opt-out filing postmark deadline was on July 13, 2012. To date, Gilardi has
28  received one request to opt out from the Settlement from class member Rivaldo Avila.

9. The objection filing postmark deadline was on July 13, 2012. To date, Gilardi has received no objections to the Settlement.

10. Gilardi's costs are $10,000.00. This amount includes costs to date, as well as anticipated cost through completion of this case. Gilardi's invoice is attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 24th day of July, 2012 at San Rafael, California.

*[signature]*
BERNELLA OSTERLUND

# EXHIBIT A

# NOTICE REGARDING PROPOSED SETTLEMENT OF CLASS ACTION
# FOR MEMBERS OF THE SETTLEMENT CLASS

## LAND, ET AL. V. SHORELINE MANAGEMENT & DEVELOPMENT CORP. ET AL.
### Northern District of Illinois, Case No. 10-CV-00072

## ELIGIBLE CLAIMANTS ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between Antoine Land Afly Stigler and Charles Johnson (the "plaintiffs" or "Class Representatives") and Comcast Corporation and Comcast Cable Communications, LLC (collectively, "Comcast"), in the above-referenced class action lawsuit currently pending in the United States District Court for the Northern District of Illinois captioned *Land, et al. v. Shoreline Management & Development, Corp., et al.*, Case No. 11-CV-00072 (the "Litigation"). Plaintiffs have not settled their claims against Defendants Shoreline or Saundra Hansbrough and continue to see all available damages in the pending case against them. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

As explained in more detail below, to receive proceeds from the Settlement, you must submit a Claim and Consent to Join Settlement Form (described in Section D below) so that it is received by the Settlement Administrator and postmarked no later than **July 13, 2012**. If you fail to properly submit a timely Claim and Consent to Join Settlement Form and do not submit an Election to Opt Out of Settlement and Class Action Form (described in Section F below), you will receive nothing under the Settlement, but you will still be bound by the release of state law claims described in this Notice.

### A. PURPOSE OF THIS NOTICE

On **May 10, 2012**, the Court has certified, for settlement purposes only, the following class (the "Settlement Class"):

> All persons who performed services for Comcast customers as hourly or piece-rate paid installation and disconnect technicians ("Technicians") working either as independent contractors or employees for Shoreline Management & Development, Corp. ("Shoreline") in Illinois at any time between November 2, 2007, and the present (the "Class Period").

According to Shoreline's records, you are a member of the Class ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Litigation and the Settlement.

### B. DESCRIPTION OF THE LITIGATION

On November 1, 2010, the Class Representatives brought an action against Comcast, Shoreline and its owner, Saundra Hansbrough (collectively, the "Shoreline Defendants"), alleging claims of failure to pay wages for all hours worked, failure to pay overtime, and improper deductions both individually and on behalf of all other similarly situated persons, pursuant to the Illinois Minimum Wage Law, 820 ILCS § 105/1, et seq. ("IMWL") and Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, et seq. ("IWPCA"), along with other state law claims. They also asserted individual claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

In the Litigation, the Class Representatives allege that they and the Class Members were misclassified as independent contractors, were improperly denied compensation for all hours and overtime hours they worked, including interest and penalties. Comcast denies all the claims asserted in the Litigation, denies any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Litigation, and makes no concessions or admissions of wrongdoing or liability of any kind whatsoever. Comcast maintains that it did not employ the Technicians, that the Technicians were properly classified as independent contractors, that the Technicians were not entitled to overtime, and that Comcast complied with all applicable state and federal laws with respect to the payment of Technicians. Comcast also maintains that the Litigation is not suitable or appropriate for class or collective action treatment pursuant to either Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b).

The parties in this Litigation disagree as to the probable outcome of the Litigation with respect to liability and damages if it were not settled. While the Class Representatives were prepared to proceed with litigating the claims described above, the Class Representatives recognize that litigating is a risky proposition and that they may not have prevailed on any or all of their claims. Likewise, while Comcast was confident that it had strong legal arguments and factual arguments that would resolve the Class Representatives' claims in Comcast's favor, it recognizes the risks, distractions, and costs involved with litigation.

This Settlement is the result of good-faith, arm's-length negotiations between the Class Representatives and Comcast, through their respective attorneys. Both sides agree that in light of the risks and expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

| The attorneys for the Class Members in the Litigation ("Class Counsel") are: | The attorneys for Comcast are: |
|---|---|
| James B. Zouras | Sari M. Alamuddin |
| Ryan F. Stephan | Stephanie L. Sweitzer |
| STEPHAN ZOURAS, LLP | Rita Srivastava |
| 205 N. Michigan Avenue, Suite 2560 | Morgan, Lewis & Bockius LLP |
| Chicago, IL 60601 | 77 West Wacker Drive |
| Tel: 312.233.1550 | Chicago, IL 60601 |
| Fax: 312.233.1560 | Tel: 312.324.1000 |
| | Fax: 312.324.1001 |

On **May 10, 2012**, the Court granted preliminary approval of the proposed Settlement. The Court will decide whether to give final approval to the proposed Settlement at a hearing scheduled for **August 15, 2012** ("Final Approval Hearing"). See Paragraph J below for details.

## C.  SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to Court approval, the terms of the Settlement are as follows:

1. Comcast will pay $120,000.00 (the "Settlement Amount") to pay: (a) the timely and valid claims of Class Members; (b) Class Counsel's fees and litigation costs; (c) service payments to the Class Representatives; (d) the fees and costs of the Settlement Administrator in administering the Settlement; and (e) any other administrative costs incurred in connection with the implementation of the Settlement

2. After deduction from the Settlement Amount for attorneys' fees, litigation costs, service payments to the Class Representatives, and the costs of administering the Settlement, from the remaining amount (the "Net Settlement Amount"), Comcast will make a settlement payment to each Class Member who submits a timely Claim and Consent to Join Settlement Form (enclosed with this Notice as Form A) and who does not opt-out of the Settlement (collectively, "Participating Claimants"). Payments will be made according to a formula which is based on the number of weeks each Participating Claimant worked for Shoreline as a Technician during the Class Period.

3. The parties have agreed to an approach that they believe fairly allocates the Settlement Amount between and among the Participating Claimants. On **May 10, 2012**, the Court preliminarily approved the recommended allocation formula and factors. The allocation is based on each Class Member's dates of employment as a Technician within the Class Period.

4. The allocation formula will take into account each week a Class Member actively worked as a Technician within the Class Period ("Compensable Workweek"). For example, if a Class Member worked for Shoreline as a Technician from January 15, 2008 to October 21, 2008, that Class Member's Compensable Workweeks would be forty (40). Each Compensable Workweek occurring before April 1, 2009 shall be given a multiplier of 1.25. Each Compensable Workweek occurring on or after April 1, 2009 shall be given a multiplier of 1. Each Class Member shall receive a pro-rata distribution of the Net Settlement Amount based upon the sum of their Compensable Workweeks divided by the sum of all Compensable Workweeks of the Participating Class Members. Your Compensable Workweeks, with the corresponding multiplier for the Class Period, are listed below in Section M.

5. The parties currently estimate that Participating Claimants will receive a gross amount ranging from $20.00 to $3,000.00 for each Compensable Workweek, assuming 100% of the Settlement Class Members participate in the Settlement. If less than 100% of the Settlement Class Members participate in the Settlement, this amount will increase.

6. Class Counsel will ask the Court to award costs, as well as attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Amount, which will be paid from the Settlement Amount. In addition, Class Counsel will ask the Court to authorize payment from the Settlement Amount of service payments of not more than $7,500.00 total to Class Representatives Antoine Land, Alfy Stigler and Charles Johnson.

7. Each Class Member who does not request exclusion from the Settlement in accordance with Paragraph F below is deemed to fully and finally release and discharge Comcast and Comcast's predecessors, successors, and assigns, its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, employees, agents and representatives from any and all known and unknown wage and hour claims based on the Class Member's work as a Technician with Shoreline that accrued at any time from the beginning of their employment with Shoreline through **May 10, 2012**, including, but not limited to, claims for wages, damages, premium pay, overtime pay, minimum wages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, to the extent that such claims are based on one or more of the following categories of allegations: (a) all claims asserted or which could have been asserted in the Litigation (as defined above) which arose under the facts alleged therein and/or under applicable state and local wage and hour laws and regulations; (b) all claims under applicable state and local laws and regulations for the failure to pay any type of overtime pay, minimum wages, premium pay or other compensation or wages to Class Members; (c) all claims under applicable state and local laws and regulations for the failure to provide or pay for meal, break, and/or rest periods for Class Members; (d) all claims under applicable state and local laws and regulations stemming from or based on the alleged misclassification of Class Members as independent contractors; (e) all claims, including, without limitation, claims for improper deductions or chargebacks related to quality control checks related to Class Members; (f) all claims, including, without limitation, state and local statutory and common law claims, alleging the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for business expenses, insurance, costs or deductions of or related to Class Members; and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through

2

(f) above under any applicable law or regulation (collectively, "Released State Law Claims"). The Released State Law Claims include claims meeting the above definition under all applicable statutes, regulations, or common law.

8. In addition, each Class Member who properly submits a timely Claim and Consent to Join Settlement Form is deemed to fully and finally release and discharge the Released Parties from any and all federal claims, obligations, demands, actions, rights, causes of action, and liabilities, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including claims that the Class Member does not know or suspect to exist in his or her favor, based on the Class Member's work as a Technician with Shoreline that accrued at any time from the beginning of their employment with Shoreline through **May 10, 2012**, for any type of relief based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, including, without limitation, claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief (collectively, "Released Federal Law Claims").

9. The Releases described in Paragraphs C.7 and C.8 do not apply to the Shoreline Defendants or any rights or claims that may arise after **May 10, 2012**; nor shall any provision in the Settlement Agreement be interpreted to waive or extinguish any rights, claims, or processes which may not under any circumstances be infringed, limited, waived or extinguished, including, but not limited to, a Class Member's right to file a charge with the Equal Employment Opportunity Commission ("EEOC") or any similar state or local agency and to participate in an administrative investigation or proceeding conducted by the EEOC or any such agency. Also, excluded from this release are any claims for physical injury that have not yet been discovered as of **May 10, 2012**.

## D. TO RECEIVE A SETTLEMENT PAYMENT

In order to receive a payment under the Settlement, you must complete, sign, and mail the enclosed Claim and Consent to Join Settlement Form (enclosed with this Notice as Form A) to the Settlement Administrator at the address listed below. **Your Claim Form must be received by the Settlement Administrator and be postmarked no later than July 13, 2012. Late or incomplete Claims will not be honored.**

The Settlement Administrator is Gilardi & Co. LLC. Forms sent to the Settlement Administrator should be sent in the enclosed postage-paid envelope, or in an envelope addressed as follows:

Land/Comcast Settlement<br>
c/o Gilardi & Co. LLC<br>
P.O. Box 8060<br>
San Rafael, CA 94912-8060<br>
Telephone: 877-255-5436<br>
Fax: 415-256-9756<br>
Email: landsettlement@classactmail.com

To be effective, the Claim and Consent to Join Settlement Form must be completed in full **and must be received by the Settlement Administrator and postmarked no later than July 13, 2012.**

## E. NON-RETALIATION

Comcast understands and acknowledges that it has a legal obligation not to retaliate against any Class Member who elects to participate in the Settlement.

## F. TO REQUEST EXCLUSION FROM THE SETTLEMENT

If you do not want to participate in the Settlement and wish to retain your right to pursue your own independent action, you must complete and mail the enclosed Election to Opt Out of Settlement and Class Action Form (enclosed with this Notice as Form B) to the Settlement Administrator. In order to be valid, your completed Election to Opt Out of Settlement and Class Action Form must be received by the Settlement Administrator and be postmarked no later than **July 13, 2012**.

If you timely submit an Election to Opt Out of Settlement and Class Action Form, you will not be eligible to receive any of the benefits under the Settlement. You will, however, retain whatever legal rights you may have against Comcast with regard to the Released State Law Claims and Released Federal Law Claims.

## G. TO OBJECT TO THE SETTLEMENT

If you do not request exclusion from the Settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for Comcast, and the Settlement Administrator at the following addresses:

| Class Counsel | Comcast's Counsel | Settlement Administrator |
|---|---|---|
| STEPHAN ZOURAS, LLP | MORGAN, LEWIS & BOCKIUS LLP | Gilardi & Co. LLC |
| c/o Ryan Stephan | c/o Sari Alamuddin | Land/Comcast Settlement Objections |
| Land/Comcast Settlement Objections | Land/Comcast Settlement Objections | Land/Comcast Settlement |
| 205 N. Michigan Avenue, Suite 2560 | 77 West Wacker Drive, 5th Floor | P.O. Box 8090 |
| Chicago, IL 60601 | Chicago, IL 60601 | San Rafael, CA 94912-8090 |

All objections must be signed and include your address, telephone number, and the name of the Litigation. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to

appear at the Final Approval Hearing. All objections must be filed with the Court, and received by Class Counsel and Counsel for Comcast, and postmarked by no later than **July 13, 2012.** If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the service payments to the Class Representatives, the claims process, and any and all other aspects of the Settlement.

<u>Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you must properly submit a timely Claim and Consent to Join Settlement Form.</u>

Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all of the Released State Law Claims against the Released Parties as set forth in Paragraph C.8 above unless you request exclusion from the Settlement in accordance with Paragraph F above.

### H. IF YOU DO NOTHING

If you do nothing in response to this Notice, you will not receive any proceeds under the Settlement, but you will be deemed to have released all of the Released State Law Claims against the Released Parties as set forth in Paragraph C.8 above.

### I. TAXES

For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows: one hundred percent (100%) shall be deemed payment in settlement of claims for penalties, liquidated damages, interest, and all other non-wage recovery. Such amounts will not be subject to withholding or deduction and will be reported as non-wage income on a Form 1099 or equivalent to be issued by the Settlement Administrator, and such other state or local tax reporting forms as may be required by law.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

### J. FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the service payments to the Class Representatives on August 15, 2012 at 10 a.m. in Courtroom 1203 of the United States District Court, Northern District of Illinois, located at 219 South Dearborn Street, Chicago, IL 60604. The Final Approval Hearing may be continued without further notice to Class Members. <u>You are **not** required to appear at the hearing to participate in or to opt-out of the Settlement.</u>

### K. ADDITIONAL INFORMATION

This Notice only summarizes the Litigation, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in this Litigation including the Settlement Agreement, may be examined at the Records Office of the Clerk of the United States District Court, located at 219 South Dearborn Street, Chicago, IL 60604.

Any questions regarding this Notice or the enclosed forms should be directed to the Settlement Administrator at the address and telephone number listed in Paragraph D, above. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Settlement Administrator as instructed in Paragraph L below.

### L. IF YOU CHANGE YOUR NAME OR ADDRESS

If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name and/or Address Information Form (enclosed with this Notice as Form C).

### M. YOUR WORK HISTORY AT SHORELINE

The amount of your settlement payment is based on the number of Compensable Work Weeks you actively performed services for Shoreline as a Technician during the Class Period.

The number of Compensable Work Weeks in which you performed services as a Technician during the Class Period are listed on your claim form attached hereto as Form A.

If you disagree with the number of Compensable Work Weeks listed on Form A, please do the following:

Write the number of Compensable Work Weeks that you believe you were actively performing services for Shoreline as a Technician during the Class Period, and the dates you believe you were so employed, in the space listed on Form A.

Also, please attach to this Notice any documents that support the number of calendar weeks that you are claiming to have been actively performing services for Shoreline as a Technician during the Class Period. An example of such documents would be pay stubs or other payroll documentation. **Please be advised that the number pre-printed on this form, which is based on Shoreline's personnel records, is presumed to be correct unless you submit documents proving otherwise.**

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

# FORM A

## CLAIM AND CONSENT TO JOIN SETTLEMENT FORM

LAND, ET AL V. SHORELINE MANAGEMENT & DEVELOPMENT, CORP, ET AL.

United States District Court, Northern District of Illinois, Case No. 11-CV-00072

**Instructions:** Please complete this Claim and Consent to Join Settlement Form if you want to participate in the Settlement that is described in the Notice Regarding Proposed Settlement of Class Action ("Class Notice") that accompanies this Form. **In order to participate in the Settlement, you must complete this Form in its entirety and submit this Form so that it is received by the Settlement Administrator and postmarked by July 13, 2012**.

### I. PARTICIPATION IN SETTLEMENT

I understand that by submitting this Form to the Settlement Administrator by July 13, 2012 that I wish to receive my share of the proposed Settlement.

### II. YOUR WORK HISTORY AT SHORELINE MANAGEMENT & DEVELOPMENT, CORP.

The amount of your Settlement payment is based, in part, on the number of weeks you performed services for Shoreline as a Technician during the applicable time period set forth in the attached Class Notice (the "Class Period").

According to records maintained by Shoreline, the number of Compensable Work Weeks in which you performed services as a Technician during the Class Period are as follows:

**Total Weeks Worked:**      <<WksWkd>>

If you disagree with the number of Compensable Work Weeks listed, please do the following:

Write the number of Compensable Work Weeks that you believe you were actively performing services for Shoreline as a Technician during the Class Period, and the dates you believe you were so employed, in the space below.

**Total Weeks Worked:** _____ ; **Dates, From:** _____ **To:** _____

Also, please attach to this Notice any documents that support the number of calendar weeks that you are claiming to have been actively performing services for Shoreline as a Technician during the Class Period. An example of such documents would be pay stubs or other payroll documentation. **Please be advised that the number pre-printed on this form, which is based on Shoreline's personnel records, is presumed to be correct unless you submit documents proving otherwise.**

### III. RELEASE OF CLAIMS

A. I hereby fully and finally release and discharge Comcast and Comcast's predecessors, successors, and assigns, its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, employees, agents and representatives ("Released Parties"), from any and all applicable state and local law claims, obligations, demands, actions, rights, causes of action, and liabilities, of whatever kind and nature, character, and description, whether in law or in equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, based on services I performed for Comcast customers as an hourly or piece-rate paid installation and disconnection technician working either as an independent contractor or employee for the Shoreline Defendants in Illinois at any time from the beginning of my service for Shoreline through May 10, 2012, including, but not limited to, claims for wages, damages, premium pay, overtime pay, minimum wages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, to the extent that such claims are based on one or more of the following categories of allegations: (a) all claims asserted or which could have been asserted in the Litigation (as defined above and in the Class Notice) which arose under the facts alleged therein and/or under applicable state and local wage and hour laws and regulations; (b) all claims under applicable state and local laws and regulations for the failure to pay any type of overtime pay, minimum wages, premium pay or other compensation or wages to Class Members; (c) all claims under applicable state and local laws and regulations for the failure to provide or pay for meal, break, and/or rest periods for Class Members; (d) all claims under applicable state and local laws and regulations stemming from or based on the alleged misclassification of Class Members as exempt employees; (e) all claims, including, without limitation, claims for improper deductions or chargebacks related to quality control checks related to Class Members; (f) all claims, including, without limitation, state and local statutory and common law claims, alleging the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for business expenses, insurance, costs or deductions of or related to Class Members; and (g) all claims for penalties or

additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law or regulation (collectively, "Released State Law Claims").

   B.  I additionally hereby release and discharge Released Parties from any and all federal claims, obligations, demands, actions, rights, causes of action, and liabilities, of whatever kind and nature, character and description, <u>whether known or unknown</u>, and whether anticipated or unanticipated, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, based on services I performed for Comcast customers as an hourly or piece-rate paid installation and disconnection technician working either as an independent contractor or employee for the Shoreline Defendants in Illinois at any time from the beginning of my service for Shoreline through May 10, 2012, for any type of relief, including, without limitation, claims for wages, damages, unpaid costs, including, without limitation, claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief (collectively, "Released Federal Law Claims").

   C.  I understand that the Released State Law Claims and Released Federal Law Claims described in Paragraphs III.A and III.B, above, do not apply to Defendants Shoreline or Saundra Hansbrough or any rights or claims that may arise after May 10, 2012, and that I am not waiving or extinguishing any rights, claims, or processes which may not under any circumstances be infringed, limited, waived or extinguished, including, but not limited to, my right to file a charge with the Equal Employment Opportunity Commission ("EEOC") or any similar state or local agency and to participate in an administrative investigation or proceeding conducted by the EEOC or any such agency. I further understand that the releases exclude claims for physical injury that have not yet been discovered as of May 10, 2012.

**IV.** **CERTIFICATION OF OVERTIME HOURS WORKED AND DEDUCTIONS MADE**

  I certify that I worked more than forty (40) hours in a workweek while performing services for Shoreline as a Technician during the Class Period. I further certify that deductions were made from my paychecks for chargebacks related to quality control checks, business expenses and insurance.

**V.** **MAILING INSTRUCTIONS**

  Please mail this completed Claim and Consent to Join Settlement Form to the Settlement Administrator in the enclosed postage-paid envelope, or at the address listed below. You may also fax or email it to the Settlement Administrator at 415-256-9756, or landsettlement@classactmail.com. **Your completed Claim and Consent to Join Settlement Form must be received by the Settlement Administrator and postmarked or date-stamped (if faxed) on or before July 13, 2012, or else you will forfeit your benefits under this Settlement**. Even if you file an objection to the Settlement, you must submit this Form by the deadline in order to receive any benefits under the Settlement if your objection is overruled. The address of the Settlement Administrator is:

Land/Comcast Settlement
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060
Tel: 877-255-5436
Fax: 415-256-9756
Email: landsettlement@classactmail.com

**VI.** **PLEASE SIGN BELOW AND RETURN FORM TO THE SETTLEMENT ADMINISTRATOR**

  I declare under penalty of perjury under the laws of the United States of America that I agree with all of the statements made in this Claim and Consent to Join Settlement Form and that all of those statements are true and correct.

Dated:_____  _____
                    (Signature)

                    _____
                    (Print First and Last Name)

                    _____
                    (Social Security Number)

                    _____
                    (Telephone Number)

**If you have any questions about completing this Claim and Consent to Join Settlement Form, please call the Settlement Administrator at 877-255-5436.**

# FORM C
# CHANGE OF NAME AND/OR ADDRESS INFORMATION FORM

LAND, ET AL. V. SHORELINE MANAGEMENT & DEVELOPMENT CORP, ET AL.
United States District Court, Northern District of Illinois, Case No. 11-CV-0072

Barcode BarDisplay
FName LName
Addr1 Addr2
City, St Zip-Zip4

**Instructions:** Please complete this Change of Name and/or Address Information Form <u>only</u> if you wish to change your name and/or mailing address information.

**Former name and mailing address:**

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: ( _____ ) _____

Last Four Digits of Social Security Number: _____

**New name and/or mailing address:**

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: ( _____ ) _____

I understand that all future correspondence in this action, including, but not necessarily limited to, important notices or payments to which I am entitled (if any), will be sent to the new address listed above and not to the address previously used. I hereby request and consent to the use of the address listed above for these purposes.

Dated:_____      _____
                                 (Signature)

                                 _____
                                 (Print First and Last Name)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Land/Comcast Settlement
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060
Tel: 877-255-5436

FORM C – CHANGE OF NAME AND/OR ADDRESS INFORMATION FORM

# FORM B
# ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION
### LAND, ET AL. V. SHORELINE MANAGEMENT & DEVELOPMENT CORP. ET AL.
United States District Court, Northern District of Illinois, Case No. 11-CV-0072

**Instructions**: Please complete this Election to Opt Out of Settlement and Class Action Form only if you **do not** want to participate in the Settlement that is described in the Notice Regarding Proposed Settlement of Class Action ("Class Notice") that accompanies this Election to Opt Out of Settlement and Class Action Form. If you choose not to participate in the Settlement, you must complete this Form in its entirety and submit this Form so that it is received by the Settlement Administrator and postmarked by **July 13, 2012**.

**I.   PERSONAL INFORMATION**

Name (first, middle, and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: ( _____ ) _____

Last Four Digits of Social Security Number: _____

**II.  REQUEST FOR EXCLUSION**

By signing and returning this Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement Class described therein. **I understand that this means that I will not receive any money or other benefits under the Settlement and cannot object to the Settlement.**

**III. MAILING INSTRUCTIONS**

If you choose to return this Form, it must be received by the Settlement Administrator on or before **July 13, 2012**, at the address listed below:

Land/Comcast Settlement
c/o Gilardi & Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090
Tel: (877) 255-5436

In addition, copies of this Form must be received by Class Counsel and Counsel for Comcast on or before **July 13, 2012** at the addresses listed below:

**Class Counsel:**
STEPHAN ZOURAS, LLP
c/o Ryan Stephan
Comcast/Land Exclusion
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601

**Counsel for Defendant:**
MORGAN, LEWIS & BOCKIUS LLP
c/o Sari Alamuddin
Comcast/Land Exclusion
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

**IV.  PLEASE SIGN BELOW**

I certify that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:_____    _____
                                 (Signature)

                                 _____
                                 (Print Name)

                                 _____
                                 (Telephone Number)

FORM B – ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION

# EXHIBIT B



3301 Kerner Blvd.
San Rafael, CA, 94901
P: (415) 461-0410
F: (415) 461-0412

Sent via E-Mail

July 23, 2012

James B. Zouras, Esq.
Stephan Zouras LLP
205 N. Michigan Ave.
Suite 2560
Chicago, IL 60601

Re: **Land, et al. v. Shoreline Management & Development Corp. et al.**
Client Matter Number: 3941
Invoice: 3941-1

Professional services, out-of-pocket expenses and third party expenses in connection with Case Setup, Mailing Database Preparation, Software Customization, Case Management, Printing and Mailing the Notice Regarding Proposed Settlement of Class Action for Members of the Settlement Class, Claim & Consent to Join Settlement Form, Election to Opt-Out of Settlement and Class Action, Change of Name and/or Address Information Form, RUM Processing, Exclusion Processing, Claims Processing, Deficiency Processing, Telephone Support, Distribution, Reporting and Tax Compliance for the Land, et al. v. Shoreline Management & Development Corp. et al. matter.

**Notification**

| | |
|---|---|
| Case Setup | $250.00 |
| Mailing Database Preparation | $247.50 |
| Software Customization | $210.00 |
| Document Formatting | $532.50 |
| Case Management | $780.00 |
| NCOA | $150.00 |
| Print Production | $180.00 |
| Printing | $152.00 |
| Postage | $48.75 |
| Notice/Claim Requests - 14 @ $2.50 | $47.50 |
| RUM Search - 17 @ $2.00 | $34.00 |
| Remails - 9 @ $2.50 | $22.50 |
| Remails - Staff Time | $185.00 |
| Exclusion Processing | $35.00 |
| Subtotal Notification | $2,874.75 |

**Processing**

| | |
|---|---|
| Claims Processing | $495.00 |
| Deficiency Processing | $35.00 |
| Telephone - Staff Time | $332.50 |
| Subtotal Processing | $862.50 |

**Distribution**

| | |
|---|---|
| Settlement Fund Management | $450.00 |

Client Matter Number: 3941
Invoice: 3941-1
Page: 2

|  |  |  |
|---|---:|---:|
| Distribution Calculations | $450.00 |  |
| Distribution Preparation | $900.00 |  |
| Check Issuance - 27 @ $3.00 | $81.00 |  |
| 1099 Filing Fee | $350.00 |  |
| 1099 Issuance - 22 @ $1.50 | $33.00 |  |
| Claimant Questions & Correspondence | $450.00 |  |
| Subtotal Distribution |  | $2,714.00 |
| **Reporting** |  |  |
| Reports/Declaration | $990.00 |  |
| Tax Compliance - 2 yrs | $3,000.00 |  |
| Subtotal Reporting |  | $3,990.00 |
| THIS INVOICE |  | $10,441.25 |
| LESS DISCOUNT |  | $441.25 |
| AMOUNT DUE |  | $10,000.00 |