IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTOINE LAND, ALFY STIGLER and CHARLES JOHNSON, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:11-CV-00072 ) |
| v. | ) ) ) (JURY TRIAL DEMANDED) |
| SHORELINE MANAGEMENT & DEVELOPMENT, CORP., SAUNDRA HANSBROUGH, COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | ) ) ) ) ) ) ) ) |
| Defendants. | |

**PLAINTIFFS' FEE PETITION**

**I. INTRODUCTION**

**I. THE REQUESTED AWARD OF FEES AND EXPENSES IS REASONABLE AND WARRANTED AND SHOULD BE APPROVED**

When fee-shifting statues such as the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL) and Illinois Wage Payment and Collection Act (IWPCA) are involved,[1] parties may negotiate settlements that encompass a defendant's total liability for damages, attorney fees, and costs. *See Evans v. Jeff D*., 475 U.S. 717,733-34, 738 n.30 (1986); *see also Williams v. MGM-Pathe Communications Co*., 129 F.3d 1026, 107 (9th Cir. 1997) ("parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorney's fees."); *Holden v. Burlington Northern, Inc*., 665 F.Supp. 1398, 1427-28 (D. Minn. 1987); 5 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* §

---

[1] The FLSA provides that the court "**shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action." 29 U.S.C. § 216(b) (emphasis added).

1

15:32 (4th ed. 2002). In this case, the parties negotiated a settlement which caps Defendants' total obligation for settlement payments to Plaintiffs, costs of notice and settlement administration, separate enhancement awards to Named Plaintiffs and Court-approved attorney fees and litigation costs.

The Named Plaintiffs initiated the litigation, contributed to the complaint, answered written discovery, attended a one-day mediation and communicated with class counsel on a regular basis, in the process leading to settlement negotiations and participated in subsequent discussions that resulted in the final settlement and proposed allocation of the Settlement Fund. The proposed allocation specifically includes $40,409.72 for attorney fees and litigation expenses and $2,500.00 for separate awards to each of the three Named Plaintiffs.

Notice sent pursuant to the Court's preliminary approval order fully described the settlement terms and proposed allocation to the Settlement Fund, including proposed settlement payments to class members, separate awards to Named Plaintiffs, attorney fees and costs. The Notice also informed members of the classes of their rights to object, and described the procedures for asserting any such objections. Not a single member of the class objected. *See* Memorandum in Support of Final Approval of Settlement at pages 4-5.

As contemplated by the Settlement Agreement, as stated in the Court Approved Notice and without objection by class members, Plaintiffs now seek the Court's approval of awards of $2,500 for each of the Named Plaintiffs, $809.72 for reimbursement of litigation costs and expenses, and $39,600.00 in attorney fees. As discussed below, the amount requested for attorney fees is less than the fees actually incurred by Plaintiffs' counsel.

    **A.**    **An Award of Fees and Costs is Mandatory**

As the threshold matter, an award of fees and costs to prevailing Plaintiffs under the

FLSA and IMWL is mandatory. *See* 29 U.S.C. § 216(b) (the court "shall, in addition to any judgment awarded to the plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action."); 820 ILCS 820 ILCS §105/4(a) (comparable fee-shifting provision under Illinois wage law); *See also Singer v. Waco*, 324 F.3d 813, 829 n.10 (5th Cir. 2003) (§216(b) "requires" a fee award), *cert denied* 540 U.S. 1177 (2004); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (a fee award is "mandatory"), *cert. denied 513 U.S. 875 (1994); Falica v. Advanced Tenant Servs., Inc.*, 384. F. Supp. 2d 75, 77 (D.D.C. 2005) ("The Award of counsel fees to an employee's attorney in FLSA cases is mandatory and unconditional."); *Lawson v. Lapeka, Inc.* 1991 WL 49775, *4 (D. Kan. March 19, 1991) (mandatory); *Fields v. Luther*, 1988 WL 121791, *1 (D. Md. July 12, 1988) (mandatory).[2] Accordingly, Plaintiffs are entitled to reimbursement of fees and costs.

### B. Both The "Lodestar" Method and The Common Fund Method Are Used to Determine Attorney Fees in Wage Cases.

#### 1. The Lodestar Method

To determine "reasonable" awards in FLSA and IMWA cases, the courts use the "lodestar" method. *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir.2001); *Heidtman v. El Paso County*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see e.g., West v. Border Foods, Inc.*, 2007 WL 1725760, **2-4 (D. Minn. June 8, 2007) (applying lodestar method in FLSA case). The lodestar method involves calculating the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Small*, 264 F.3d at 707; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "There is a 'strong presumption' that the lodestar figure represents the reasonable fee to be awarded." *Hixon v. City of Golden Valley*,

---

[2] The purpose of mandatory fee awards under the FLSA is to help ensure that Plaintiffs with wage and hour grievances have "effective access to the judicial process[.]" *Fegley*, 19 F.3d at 1134 (internal citation omitted)**.**

2007 WL 4373111, *2 (D. Minn. Dec. 13, 2007), *quoting City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Nevertheless, adjustments to the lodestar sum "may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888 (1984).[3]

### (a) Hours reasonably expended.

Counsel must use "billing judgment" by making good-faith efforts to exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434. Plaintiffs' counsel have made good-faith efforts to use good billing judgment in their fee request by taking several steps to exclude any hours that might be excessive, redundant, or otherwise unnecessary. Exhibit A, Declaration of Ryan F. Stephan at ¶8. *Cf. Hixon*, 2007 WL 4373111 at *3 (reducing hours by a percentage, instead of line-by-line, to account for redundancies and vagueness).[4]

Even after eliminating all of the hours described above, Plaintiffs' counsel and non-lawyer billing staff have worked more than 129 hours litigating, settling and administering the settlement of this case for Plaintiffs' benefit. *See* Exhibit A at ¶8. Further, Plaintiffs' counsel will necessarily continue expending time implementing the Settlement and in connection with distribution of the Settlement Fund.

---

[3] A variety of factors may be considered in making adjustments to the lodestar figure, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitation imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case: (11) the nature and length of the professional relationship with the client; (12) awards in similar cases; (13) the significance of the legal issue on which the plaintiff prevailed; and (14) the public purpose served. *Flowers v. City of Minneapolis*, 2008 WL 927940, *2 (D. Minn. April 7, 2008). However, it is not necessary for the Court to explicitly examine all of these factors in determining reasonable attorney fees. *Id*., *citing Griffin v. Jim Jamison, Inc*., 188 F.3d 996, 997 (8th Cir. 1999).

[4] Post-judgment hours, including time spent preparing a fee application, are recoverable and may be included in the lodestar calculation. *See Hixon*, 2007 WL 4373111 at *4.

**(b) Reasonable hourly rates**.

The hourly rates for the attorneys for whom time is submitted is $450-$500, and the hourly rate for non-lawyer billing staff is $125.00. *See* Exhibit A. These hourly rates have been accepted and approved in other contingent litigation and are comparable to rates charged by action counsel in similar cases. *See* Exhibit A at ¶6. *See also Roussel v. Brinker Intern., Inc.*, 2010 WL 1881898, *3 (S.D.Tex. Jan. 13, 2010) (approving $500 and $450 hourly rates in FLSA case); *West*, 2007 WL 1725760 at *2 (approving $550 and $400 hourly rates in FLSA case); *cf. Hixon*, 2007 WL 4373111 at *3 (approving $400 hourly rates in § 1983 case).

**(c) Plaintiffs' counsel's lodestar**.

Multiplying the hours that all attorney and non-lawyer billing staff have worked on this case (and which remain after the exercise of billing judgment described above) by their respective hourly rates yields a lodestar figure of over $50,000.00. *See* Exhibit A at ¶8. This lodestar figure is entitled to a strong presumption of reasonableness. *See Hixon*, 2007 WL 4373111,*2.

**2. The Common Fund Method**

As Parties included in the Class Notice, Plaintiffs' requested reasonable attorneys' fees in the amount of 33⅓% of the Maximum Gross Settlement Amount along with necessary litigation expenses and costs. (Dkt. No. 59-3 at §6) When fee-shifting statutes such as the IMWL and IWPCA are involved, parties may negotiate settlements that encompass a defendant's total liability for damages, attorney fees, and costs. *See Evans v. Jeff D*., 475 U.S. 717,733-34, 738 n.30 (1986); *see also Williams v. MGM-Pathe Communications Co.,* 129 F.3d 1026, 107 (9th Cir. 1997) ("parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorney's fees."); *Holden v. Burlington Northern, Inc.,* 665

F.Supp. 1398, 1427-28 (D. Minn. 1987); 5 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 15:32 (4th ed. 2002). In this case, the parties negotiated a settlement which caps Shoreline's total obligation for court-approved attorney fees at $39,600.00.

Under the common fund doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In common fund cases, the Seventh Circuit has "consistently directed district courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir.2007) (citation omitted).

### (a) The Percentage of the Fund Method of Awarding Attorneys' Fees is Appropriate in Common Fund Cases

In the Seventh Circuit, "[t]he approach favored … is to compute attorney's fees as a percentage of the benefit conferred upon the class." *E.g., In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation*, 2011 WL 5599129, at *11 (N.D.Ill. Nov. 16, 2011) (citation omitted); See Taubenfeld v. AON Corp., 415 F.3d 597, 599-600 (7th Cir. 2005). This is especially appropriate "where the percentage accurately reflects the market." *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation*, 2011 WL 5599129, at *11; *Williams v. Gen. Elec. Capital Auto Lease*, 94 C 7410, 1995 WL 765266, *9 (N.D.Ill.1995); *see also Sutton*, 504 F.3d at 693 (directing district court on remand to consult the market for legal services so as to arrive at a reasonable percentage) (citation omitted).

### (b) Plaintiffs' Requested Percentage Is Typical Of Common Fund Cases

The Seventh Circuit has held that "[a]lthough it is impossible to know ex post exactly what terms would have resulted from arm's-length bargaining ex ante, courts must do their best

6

to recreate the market by considering factors such as actual fee contracts that were privately negotiated for similar litigation, information from other cases, and data from class-counsel auctions." *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005). "[T]he measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case"); *In re Trans Union Corp. Privacy Litig.*, 2009 WL 4799954, at *9 (N.D.Ill. Dec. 9, 2009). This determination is based on what an arms-length negotiation between the class and the lawyers at the beginning of the case would have likely produced by considering factors such as actual fee contracts that were privately negotiated for similar litigation. I*d.; Taubenfeld v. AON Corp.,* 415 F.3d 597, 599 (7th Cir.2005) (citation omitted).

The going rate in the market for legal fees in wage and hour class actions is precisely in line with the fee requested here. *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 997 (N.D.Ind. 2010) (awarding 33 1/3% of common fund and collecting wage and hour cases in which fees amounting to 33.3% of the common fund were reasonable and consistent with the market rate for such cases); *Rosales v. The Placers, Ltd.*, Case No. 09 C 1706, ECF No. 162 (N. D. Ill.) (awarding 33.33% of $1,650,000 common fund in IWPCA class action); *Williams v. Volt Management Corp*, Case No. 10 C 3927, ECF No. 52 (N.D. Ill.) (awarding 33% of $2,500,000 common fund in IWPCA class action); *Schmidt v. Smith & Wollensky LLC*, Case No. 09-2752 (N.D. Ill) (awarding one-third of common find in IMWL minimum wage and overtime pay case); *Perry v. National City Bank,* Case No. 05 C 891 DRH (S.D. Ill.) (awarding 33% of $27,500,000 common fund in overtime case); *Acosta, et al. vs. Scott Labor,* et al., Case No. 05 C 2518, Dkt. # 120 (awarding 33.33% of common fund in overtime case); *Sanchez v. Stampede Meat, Inc.,* Case No 02 C 5452 (Dkt. # 70) (awarding 33⅓% of common fund in overtime case); *Gonzalez v. Labor Network,* Case No. 05 C 4864 (Dkt. # 137) (awarding 33⅓% of common fund in overtime

case); *Flores v. Jorge Arteaga Corp.*, Case No. 05 C 2057, Dkt. # 53 (awarding one third of common fund in minimum wage and overtime case); *Ortegon v. Staffing Network, Inc.,* Case No. 06 CH 12679, Order dated July 24, 2009, (awarding 33⅓% of common fund in IDTLSA and overtime case); *Arrez v. Kelly Services, Inc.,* N.D. Ill., Case No. 07 C 1289 (N.D. Ill.), Dkt. # 176 (in IWPCA class action for owed wages, awarding requested 30% of $11,000,000 common fund); *Perezchica, et al. vs. Eastco International Corp.*, et al, Case No. 07 CH 04726, Order dated March 18, 2008 (awarding 33⅓% of common fund in overtime case); *Polk v. Adecco*, Case No. Case No. 06 CH 13405, Order Dated November 15, 2010 (awarding requested 30% of $1,200,000 settlement fund).

In the Seventh Circuit, awards of attorney's fees "equal to approximately one-third or more of the recovery" are standard. *Teamsters Local Union No. 604 v. Inter–Rail Transport, Inc.*, 2004 WL 768658, at *1 (S.D.Ill. Mar. 19, 2004). As stated by one court, "the normal rate of compensation in the market" is "33.33% of the common fund recovered." *Will v. Gen. Dynamics Corp.,* 2010 WL 4818174 (S.D.Ill. Nov. 22, 2010).

The attorney's fees requested by Plaintiffs are consistent with the fee-arrangements entered into between class counsel and the Named Plaintiffs, which provide for a fee of one-third of any recovery plus costs. (Docket No. 94 at 23). Indeed, Class Counsel in this case, who have substantial experience in prosecuting large-scale wage and hour class actions, routinely negotiate contingency fee compensation rates at or near 40%. Because the fee is contingent, Class Counsel bore the time costs and out-of-pocket costs of litigation for over three years without any compensation and with the risk of no compensation. Accordingly, a fee award of one-third here is well-within the market rate and facially reasonable.

### (c). Plaintiffs' Request is Warranted by the Benefit Conferred on the Class, the Results and the Risks Taken by Class Counsel

Plaintiffs' fee request is also warranted in light of the significant and immediate financial benefit to the claimants, not one of whom objected to the request. Under the Agreement, Claimants will receive a share of approximately $62,090.28, the magnitude of which further supports an award based on the common benefit approach. *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation*, 2011 WL 5599129, at *12. Class Members were not required to sign general releases to participate in the Settlement. Thus, any claim a Class Member may have other than those asserted in this lawsuit remains unaffected. The absence of a general release further exemplifies the excellent results achieved for the Class. *See Ramah Navajo Chapter v. Babbitt*, 50 F. Supp. 2d 1091, 1103-04 (D. N.M. 1999) (noting that the limited, rather than general, nature of the release as further evidence of an exceptional result in favor of class members).

Additionally, Class Counsel assumed a substantial risk of non-payment given the difficult and complex issues of law and fact that required sophisticated analysis, briefing, and argument. All of these tasks were performed at a high level, without compensation and with the risk of no compensation. The prosecution of this action consumed the attention and time of Class Counsel, sometimes to the total exclusion of other matters. Finally, Plaintiffs' outstanding result serves the purpose of the IMWL and IWPCA by vindicating rights these statutes were enacted to protect.

In conclusion, based upon the negotiated fee agreement in this case, as compared to other cases Class Counsel have litigated, the normal rate of compensation in similar cases, the risk Class Counsel undertook in engaging in this litigation, the quality of legal services rendered, the uncertainty of recovery and the results obtained, Class Counsel is entitled to a reasonable

attorneys' fees award of one-third (33⅓%) of the Settlement Fund.

### C. Plaintiffs' Counsel are Entitled to Reimbursement of Costs and Expenses.

As noted above, the award of costs, as well as fees, is mandatory under the FLSA and IMWL.  *See* 29 U.S.C. § 216(b); 820 ILCS 820 ILCS §105/4(a); *West*, 2007 WL 1725760 at *4 ("The Court shall also award reasonable costs to the prevailing party.").[5]

Plaintiffs' counsel has advanced litigation costs and expenses that normally would be charged to clients.  *See* Exhibit A at ¶10.  All of these costs and expenses were reasonably and necessarily incurred in the course of this litigation.  *See* Exhibit A at ¶10.

Therefore, Plaintiffs and Plaintiffs' counsel request an award of costs and expenses to Plaintiffs' counsel in the amount of $809.72.

### D. The Named Plaintiffs are Entitled to Separate Awards for their Efforts in this Litigation.

Courts may make separate awards to class representatives in recognition of their risks, time expended, and benefits to the class.  *See In Re US Bancorp Litig.*, 291 F.3d 1035, 1037 (8th Cir. 2002), *cert. denied* 537 U.S. 823 (2002); *White*, 822 F. Supp. at 1406.

The role of the Named Plaintiffs in this litigation was crucial.  Each sacrificed their time to prosecute this lawsuit on behalf of their fellow current and former employees.  Each reviewed and approved the Complaint.  Each met, conferred and corresponded with Plaintiffs' counsel on a regular basis.  Each submitted to extensive interviews, produced records and documents, and provided invaluable information and assistance to Plaintiffs' Counsel without which they could not have brought this matter to a successful conclusion.  Each responded to written discovery.  And all were actively involved in subsequent discussions that shaped and finalized the settlement

---

[5] In this context, "costs" includes all costs and expenses that firms in the area normally charge to their clients, including expert fees. *See Lawson*, 1991 WL 49775 at *2-3.

and proposed plan of allocation.

Therefore, Plaintiffs and Plaintiffs' counsel request separate awards of $2,500 to each of the Named Plaintiffs in addition to any pro rata shares of the Settlement Fund to which they may be entitled.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Arbitrator enter an order:

(i) awarding Plaintiffs' counsel attorney fees in the amount of $39,600.00;

(ii) awarding Plaintiffs' counsel reimbursement of costs and expenses in the amount of $809.72 and,

(iii) granting separate awards in the amount of $2,500 to each of the three Named Plaintiffs in addition to any pro rata share of the Settlement Fund to which they may be entitled.

Dated: July 31, 2012  /s/ Ryan F. Stephan
Ryan F. Stephan
Stephan Zouras, LLP
205 North Michigan Avenue
Suite 2560
Chicago, IL 60601
Telephone: (312) 233-1550
Facsimile: (312) 233-1560

**Attorneys for the Plaintiffs**